Hunt, J.,
delivered the opinion, of the court:
The facts in this case are undisputed. The claimant gave information to the Commissioner of Internal Revenue that led to the recovery and collection by the government of certain moneys due as taxes under the iuternal-revenue laws, by five several railroad companies, and unlawfully withheld by them.
The information was furnished in accordance with an offer of reward published by the Commissioner on the 31st July, 1873, in an official circular designated as “ Circular No. 99 revised.” The offer was made by virtue of an act of Congress, approved June 0,1872, authorizing the Commissioner, with the approval of the Secretary of the Treasury, to pay such sums as in his judgment might be necessary, not exceeding $100,000, for detecting delinquents and furnishing information leading to the recovery and collection of certain moneys by the United States.
Under these provisions of law the claimant has been awarded the several sums sot forth in his petition, amounting in the aggregate to $12,830.59; and his accounts have been approved by the Commissioner and Secretary for that sum.
It is a familiar principle of law that the offer of a- reward by a party, when accepted and complied with by another, constitutes a valid contract. Hence the right of the claimant to recover the sum thus ascertained to be due to him becomes complete; and his remedy before this court is expressly provided by law. (Rev. Stat., § 1059; see Kaufman v. The United States, 11 C. Cls. R., 659; Woolner v. The United States, 13 id., 355.)
The learned counsel for the government resists the claimant’s demand upon two grounds, which we proceed to consider.
Io. It is said the claimant cannot recover a part of his demand — the first four items — because the balance of the appropriation from which these items were iiayable had lapsed before the commencement of this suit. . This balance it is shown had been carried on the books of the Treasury to the account of the. surplus fund, as alleged. But we are unable to consider that fact as an abrogation of the contract between the claimant and the authorized agent of the government, or as defeating the remedy of the claimant before this court. In the case of Curtis v. The United States (2 C. Cls. R., 151) this court said: “Con *55 tracts in excess of an appropriation are held ordinarily void to that extent. That difficulty, however, so far as it relates to cases in this court, Congress has bridged by the general appropriation to meet its judgments. If this were not so, we should be constantly stopped by that obstacle. The Court of Claims was established to meet those cases where a man came before Congress and said I have expended money for or rendered service to the government, for which I could recover in a court of justice if the party with whom I dealt were a citizen or a corporation. I ash a like remedy and a like liability on the part of the government.’” (See also Collins v. The United States, ante, p. 22.)
2°. The second ground of objection presented by the government is to the fifth and only remaining item of the claim. It is said that this item cannot be recovered because Congress limited the amount applicable to the payment of the claims of informers in cases like this, and that this limited appropriation was a part of the contract, and constituted notice to all persons who might become informers under the law; and that the appropriation is now exhausted.
It is conceded that the claimant’s account was properly allowed by the accounting officers at a time when there was still in the Treasury an unexpended balance of the appropriation more than sufficient to meet the claimant’s demand. The liquidation of the claim at such a time had the effect of merging it into a valid award, and of placing it beyond the subsequent control of the accounting officers until impeached for fraud or mistake. (96 U. S. 570.) Besides the obligation to the claimant was created and adjusted under an appropriation adequate to its fulfillment. (Rev. Stat., § 3732.) The mere delay in reaching a draft for the amount and in reducing the money to manual possession by the claimant cannot affect his right to a recovery in this action.
It is therefore ordered, adjudged, and decreed that the claimant do have and recover judgment for $12,836.59.