## GORDON v. UNITED STATES.
### No. 45170.

Court of Claims.

Feb. 3, 1941.

## OLDFIELD v. NUNN BRASS WORKS.
### Civil Action No. 399.

District Court, W. D. New York.

Dec. 18, 1940.

Raymond L. Wise, of New York City (Elliott L. Biskind and William Esbitt, both of New York City, on the brief), for plaintiff.

Rawlings Ragland, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen. (E. Leo Backus, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and GREEN, Judges.

WHITAKER, Judge.

This case is before us on a demurrer to plaintiff's petition. Plaintiff alleges that he furnished original information to the Commissioner of Internal Revenue showing that the valuation of some of the assets of a certain estate were false and fraudulent and as a result of this information there was collected from said estate the sum of $1,998,000. Plaintiff sues to recover 10 percent of that amount as an informer's fee, which he claims was authorized by section 3463 of the Revised Statutes, 26 U.S.CA. Int.Rev.Code, § 3792, and was offered by Internal Revenue Circular No. 99, 5th Revision (Department Circular No. 147 of 1889).

Section 3463 of the Revised Statutes authorizes the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, "* * * to pay such sums * * * as he may deem necessary for detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws, * * *." Pursuant to the authority therein granted, the Commissioner, with the approval of the Secretary of the Treasury, issued an offer of reward, which reads in part as follows: "* * * I do hereby, with the approval of the Secretary of the Treasury, offer for information given by persons other than officers of internal revenue, * * * that shall lead to the detection and punishment of persons guilty of violating the internal revenue laws, * * * such reward as the Commissioner of Internal Revenue may deem suitable, but in no case exceeding 10 percent of the net amount of fines, penalties, forfeitures, and taxes, which by reason of said information shall be recovered by suit or otherwise * * *."

It will be noted that the Commissioner offers to pay no definite sum. He merely offers to pay "such reward as" he "may deem suitable." There has been no offer by the Commissioner to pay any definite sum and, therefore, there has arisen no contract between the Commissioner and the plaintiff.

This case is different from Briggs v. United States, 15 Ct.Cl. 48. There the Commissioner had found that the plaintiff was entitled to definite sums for the information furnished. When these sums were not paid, suit was brought. Judgment was rendered because the minds of the parties had met and there had arisen a promise to pay a definite sum. This is not the case here. There has never been a promise to pay a definite sum.

In Tyson v. United States, 91 Ct.Cl. 139, 32 F.Supp. 135, the Act authorized the payment of a definite sum, to wit: "25 per centum of the net amount recovered." 19 U.S.C.A. § 1619. Again, this is not the case here. Since there was no offer on the part of the Commissioner to pay any definite sum, but only such sum as he might deem suitable, no contract has arisen between the parties. Plaintiff, therefore, is not entitled to recover.

It results the defendant's demurrer must be sustained and the plaintiff's petition dismissed. It is so ordered.