**KATZBERG et al. v. UNITED STATES.**

No. 45289.

Court of Claims.

March 3, 1941.

David Steckler, of New York City (Frank D. Chaiken, of New York City, was on the briefs), for plaintiffs.

E. Leo Backus, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

This case is before us on demurrer to plaintiffs' petition. The petition alleges the plaintiffs gave certain information to the Commissioner of Internal Revenue concern-ing violation of the revenue laws, which led to the detection and punishment of persons guilty of violating the internal revenue laws and the recovery of fines, penalties, forfeitures and taxes; that a claim for reward was filed pursuant to the Commissioner's offer of reward, and that this reward was rejected by the Commissioner; and that in so doing he acted arbitrarily and capriciously.

The Commissioner's offer of reward reads in part as follows: " * * * I do hereby, with the approval of the Secretary of the Treasury, offer for information given by persons other than officers of internal revenue, * * * that shall lead to the detection and punishment of persons guilty of violating the internal revenue laws, * * * such reward as the Commissioner of Internal Revenue may deem suitable, but in no case exceeding 10 percent of the net amount of fines, penalties, forfeitures, and taxes, which by reason of said information shall be recovered by suit or otherwise. * * *"

This case is ruled by our decision in Abraham L. Gordon v. United States, Ct.Cl., 36 F.Supp. 639, decided February 3, 1941. The plaintiffs say this case should be overruled. They say the offer of reward in both cases implies that the Commissioner will give honest consideration to the claim of reward, and that the petition alleges he did not do this, but acted arbitrarily and capriciously, which the demurrer admits. To this extent we agree.

But we cannot agree that the offer also implies, as the plaintiffs say, that the Commissioner shall award such sum as may be reasonable in fact. The offer says he will award such sum as shall seem to him suitable, not such sum as may in fact be suitable, or reasonable. What this sum is we have no way of knowing. No definite or ascertainable sum was offered and, therefore, no contract arose from the offer of reward and the giving of information by the plaintiffs. In these circumstances this case is controlled by the Gordon decision, to which we adhere.

Defendant's demurrer must be sustained, and plaintiffs' petition dismissed. It is so ordered.