## CHASE v. UNITED STATES.

### No. 46133.

Court of Claims.

May 7, 1945.

M. Anderson Thomas, of San Francisco, Cal., for plaintiff.

Joseph H. Sheppard, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

PER CURIAM.

Plaintiff sues to recover $75,000 as a reward alleged to be due him under Treasury decision 4663 issued pursuant to authority of sec. 3463 Revised Statutes, 26 U.S. C.A. Int.Rev.Code, § 3792.

Plaintiff alleges in his petition that on November 28, 1935, he was promised orally by George Boyd, an internal revenue agent, and by Donald Rogers, a special agent of the Bureau of Internal Revenue at San Francisco, that if he would give information which would lead to the detection of anyone for violation of the Internal Revenue Laws by evading income taxes and to the recovery of income taxes, and penalties thereon, he would be rewarded therefor by the Commissioner of Internal Revenue, in accordance with Treasury decision 4663, in the amount of ten percent of the amount recovered; that, relying on such promise and offer of reward by said agents and by the Commissioner of Internal Revenue under such Treasury decision, plaintiff gave said agents some information and thereafter, for the greater part of a year immediately following said date, continuously devoted his time to securing and giving additional information, and gave information which, according to his best information and belief, led to the detection of Charles H. Strub of San Francisco for violation of the Internal Revenue laws by evading income taxes in the First and Second Collection Districts of the state, and to the recovery of income taxes and penalties thereon assessed and collected by the Bureau of Internal Revenue, which information was furnished by him to Internal Revenue Agent Boyd and Special Agent Rogers of the Bureau of Internal Revenue.

The petition further alleges that plaintiff does not know the exact amount of income taxes and penalties thereon assessed and collected from said Charles H. Strub, or when the taxes and penalties were paid,

212

but is informed and believes that the sum was $750,000, or thereabouts, and that it was paid to the Bureau of Internal Revenue and into the Treasury of the United States during the period between January 1, 1939, and January 29, 1941; that application was made for an examination of papers in the Bureau of Internal Revenue to the Commissioner of Internal Revenue, but the Commissioner refused plaintiff's request to inspect said papers, being records in the office of Internal Revenue showing the amount of income taxes and penalties collected from Charles H. Strub for 1935 and 1936, and a letter signed by a Mr. Brady in the month of December, 1936, instructing Internal Revenue Agent Boyd to work with Special Agent Rogers and investigate approximately thirty persons with regard to tax, and which letter referred to the "Jack Chase case."

Plaintiff further states that on January 29, 1941, he made and filed with the Bureau of Internal Revenue his claim for reward for giving such information under Treasury decision 4663 for ten percent of the amount recovered, and that on May 31, 1941, the Commissioner of Internal Revenue disallowed the said claim in its entirety by a letter mailed to plaintiff.

The question presented by the facts alleged in the petition has been decided adversely to the claim made by plaintiff in Gordon v. United States, 36 F.Supp. 639, 92 Ct.Cl. 499, 500, and Katzberg v. United States, 36 F.Supp. 1023, 93 Ct.Cl. 281, 282. Plaintiff's allegation that Internal Revenue Agents Boyd and Rogers orally promised him that if he would give information of the character described he would be rewarded by the Commissioner in accordance with T. D. 4663 in the amount of ten percent of the amount of tax and penalties recovered, cannot be treated as an agreement expressed or implied by the Commissioner to pay any definite sum. Katzberg v. United States, supra, 36 F. Supp. 1023, 93 Ct.Cl. at page 282. The agents could not, in the absence of express authority, bind the Commissioner in the manner suggested, and since the only offer of the Commissioner was in T. D. 4663 which specifically stated that he would pay such reward "as he may deem necessary," plaintiff is not entitled to recover upon the facts alleged. Montgomery Ward & Co. et al. v. United States, 94 Ct.Cl. 309, 310–313.

The demurrer is sustained and the petition is dismissed. It is so ordered.