Gloria **PARKER**, Petitioner,

v.

**Robert F. KENNEDY and Robert M. Morgenthau**, Respondents.

United States District Court
S. D. New York.

Jan. 11, 1963.

Gloria Parker, pro se.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for respondents. Patricia A. Garfinkel, Asst. U. S. Atty., of counsel.

WEINFELD, District Judge.

Petitioner, appearing pro se, seeks a writ of mandamus to compel the United States Attorney for this District, under the direction of the Attorney General of

the United States, to institute proceedings to prevent and restrain antitrust violations allegedly committed by William S. Paley, Columbia Broadcasting System, Inc. and Broadcast Music, Inc., and further directing the Attorney General and the United States Attorney to execute their respective duties.

Petitioner alleges that they have failed, despite repeated requests by her, to execute duties imposed upon them by the Sherman Act, particularly section 4 thereof,[1] "to institute proceedings in equity to prevent and restrain such violations."

■■ Petitioner alleges that the persons named and others have violated the antitrust laws to her injury. It appears that she has instituted in this Court several suits against them and others, seeking redress upon allegations substantially charging such violations. This, of course, does not foreclose action by the Attorney General with respect to the same alleged violations—but the decision of whether or not such concurrent action is required in the public interest rests in the sole discretion of the Attorney General.[2] The Attorney General of the United States is its chief law officer and head of the Department of Justice which is an executive branch of the Government.[3] He has the authority and duty to exercise general control and supervision of all prosecutions and civil suits to which the United States is a party.[4] Thus far he has not seen fit to authorize action as requested by the petitioner.

■ Under the traditional doctrine of separation of powers of the three branches of government, one may not intrude into the exclusive function of another.[5] Since the determination of whether or not civil suits or prosecutions should be commenced or initiated is within the ambit of the Attorney General's executive discretionary power, the recently enacted Public Law 87–748 does not alter the situation.[6]

The motion for a writ of mandamus is denied.

---

1. 15 U.S.C. § 4 (1958).

2. Cf. United States v. Borden Co., 347 U.S. 514, 74 S.Ct. 703, 98 L.Ed. 903 (1954).

3. 5 U.S.C. § 291 (1958).

4. 5 U.S.C. § 310 (1958); 28 U.S.C. § 507 (1958); 21 Ops.Atty.Gen. 195 (1895), and authorities cited therein.

5. See Marbury v. Madison, 1 Cranch 137, 170–171, 5 U.S. 137, 170–171, 2 L.Ed. 60 (1803).

6. 76 Stat. 744 (1962), 28 U.S.C.A. §§ 1361, 1301(e) (1962 Cum.Supp.). See United States Senate, Committee on the Judiciary, Report, S.Rep. No. 1992, 87th Cong., 2d Sess. (1962), reprinted in U.S. Code Cong. & Admin.News p. 2784 (1962).