**Evelyn Tupper BARKER, Plaintiff, Appellant,**

v.

**Thelma LEIN et al., Defendants, Appellees.**

**No. 6762.**

United States Court of Appeals First Circuit.

Oct. 6, 1966.

Samuel A. Bithoney, Boston, Mass., for appellant.

Birge Albright, Boston, Mass., with whom Joseph W. Bartlett and Ely, Bartlett, Brown & Proctor, Boston, Mass., were on the brief, for Thelma Lein and others.

Edward F. Harrington, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on the brief, for William Williams, District Director of Internal Revenue Service.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Plaintiff appellant, in her petition for a declaratory judgment, alleges that she obtained private information concerning a delinquent taxpayer; that she communicated it to her respondent sister, in confidence; that thereafter plaintiff gave the information to respondent district director, who used it to collect the tax; that his agent told her she would be paid an informer's fee; that she applied to the director for payment; that her sister, in breach of confidence, had previously given the information to the director, and had made claim for the fee, which the director has paid, or is about to pay, and that the fee is rightfully the plaintiff's. Wherefore, plaintiff prays a declaration of rights, and that the sister, if she has been paid, or the director, if payment has not yet been made, be ordered to pay the fee to the plaintiff. The district court, on motions asserting various grounds, dismissed the complaint.

We pass the general question of improper joinder of causes of action and of parties, but note that the claim asserted against the sister is in tort for breach of a confidence, in which tort there is no suggestion that the director joined, and that the claim against the director is in the alternative, and sounds in contract, with the sister not being a party to any contract, or quasi contract.

■ As to the sister, it is necessary to consider only the preliminary question of the court's jurisdiction. On this plaintiff's brief does not help us. In oral argument plaintiff asserted reliance upon "diversity jurisdiction." Her requested supplemental brief does not enlarge upon this in any meaningful fashion, nor does it answer the elementary questions a claim of diversity raises. There are two fatal defects. In the first place, the jurisdictional amount is not shown. Secondly, there is no complete diversity, plaintiff and her sister both being citizens of New Hampshire. Complete diversity is a requirement, unless some exception exists. The aforementioned separateness of the causes of action forecloses any of the exceptions that have been suggested, or that we can think of.

■ Petitioner contends that this is in reality a suit in which the district director is the principal party. Even were he the sole defendant, however, and this were to be treated as a suit against the United States of which we would have jurisdiction, see 28 U.S.C. § 1346 (a), petitioner has not alleged the substance of a cause of action against the government. Without reaching the question whether, under proper circumstances, an informant could have a legally cognizable claim to a reward, we note that the facts alleged here are insufficient. Payments to informers normally lie within the Commissioner's discretion, 26 U.S.C. § 7623. The allegations that plaintiff furnished information to the I.R.S., and that as a result the United States recovered some taxes, do not provide sufficient basis for a claim. Gordon v. United States, 1941, 36 F.Supp. 639, 92 Ct.Cl. 499. Nor does the allegation of a promise by an I.R.S. agent suffice. Although the Commissioner has vested some of his discretion in the district directors, 26 C.F.R. § 301.7623–1(a), the regulations specifically provide that "no person is authorized under these regulations to make any offer, or promise, or otherwise to bind a district director with respect to the payment of any reward or the amount thereof." 26 C.F.R. § 301.7623–1(c). See Chase v. United States, 1945, 60 F.Supp. 211, 103 Ct.Cl. 780.

Affirmed.