**Samuel SCHEIN, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

**No. 72 C 224.**

United States District Court, E. D. New York.

Dec. 29, 1972.

(Emphasis added.)

view decisions made by the N.Y.C. District Director and the Assistant Commissioner (Compliance) of the Internal Revenue Service, as constituting an abuse of discretion and to obtain relief therefrom."[1] The decisions complained of, dating back to June 24, 1958, disallowed repeated claims for an informer's reward presented by plaintiff to the Commissioner of Internal Revenue, which asserted that information plaintiff furnished was instrumental in the recovery of corporate income taxes improperly sought to be avoided upon a merger between List Industries Corporation and Glen Alden Corporation. Defendants (sometimes collectively referred to as "the Commissioner") have moved to dismiss the complaint for (1) lack of jurisdiction over either the person of the defendants or the subject matter of the action and (2) as barred by the statute of limitations. F.R.Civ.P. 12(b)(1), (2) and (6).

Although the complaint allegedly seeks judicial review of agency action because the Commissioner's "handling of his [plaintiff's] Claims for Reward were arbitrary, capricious, biased, prejudicial",[2] plaintiff advances on this motion a quite different theory of his alleged claim for relief. He describes it now as one for "compensation on a quantum meruit basis for arduous legal work and services necessitated and required of him as an attorney at law in pressing the Claim for Reward."[3] Referring to his prayer for relief, he insists that "[t]he action does not seek the reward as authorized under Section 7623 of the Internal Revenue Code."[4] Instead, he asserts, he asks only for an allowance of compensation and a reward based on the amount of additional taxes recovered attributable to the information furnished and based on what amount the Court finds that plaintiff earned, is entitled to, and should be paid. . . . "[5] Such ver-

---

Samuel Schein, pro se.

Robert A. Morse, U. S. Atty., E. D. N. Y., by Cyril Hyman, Asst. U. S. Atty., Brooklyn, N. Y., for defendants.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

■ Plaintiff, an attorney suing pro se, brings this action allegedly "to re-

---

1. Complaint, par. 1.

2. Complaint, par. 46.

3. Memorandum in Opposition to Defendants' Motion, p. (1).

4. Id.

5. Id.

bal gymnastics cannot obscure the true nature of plaintiff's claim as revealed in his prolix complaint and annexed documentary exhibits, his affidavits in opposition to defendants' motion and the voluminous correspondence file he submitted to supplement those affidavits.

In summary, it appears that plaintiff in or about 1958 had been "primarily and closely occupied" with stockholders' derivative actions involving Glen Alden Corporation. Based upon his analysis of proxy statements he had formed the opinion that a proposed reorganization agreement between Glen Alden and List Industries Corporation was designed to avoid corporate income taxes through the use of allegedly questionable tax-loss carry-overs by a List subsidiary and its predecessor.[6] On March 31, 1958 he forwarded his views by letter to the Director of the Intelligence Division, Internal Revenue Service, enclosing a claim for reward.[7] The claim was assigned to the Director of Internal Revenue in Manhattan and on June 24, 1958 plaintiff was notified that after careful consideration his claim had been disallowed.[8] A year after the Glen Alden-List merger, plaintiff on April 2, 1960 again filed a claim for reward on substantially the same contentions regarding the use of tax-loss carry-overs.[9]

Thereafter plaintiff engaged in extensive correspondence and memoranda writing with the District Directors in Manhattan and Scranton, Pennsylvania, and other officials of the Internal Revenue Service, elaborating his contentions and protesting the Service's inaction. By May 1964 his letters and memoranda were being directed to President Johnson. On May 10, 1965 the District Director in Manhattan wrote plaintiff that

"[s]ince it was correctly determined that your information was not the basis for a reward, this office has no alternative but to affirm the action previously taken in this matter." [10]

Plaintiff promptly appealed that decision to the President and the Director of Intelligence of the Internal Revenue Service.[11] On July 16, 1965 the District Director again advised plaintiff that his claim had been disallowed, giving an explanation of the reason for such action.[12] That explanation did not satisfy plaintiff, who continued to write further letters of protest. Finally, on March 8, 1968, the District Director advised plaintiff:

"In order to resolve this matter conclusively and finally, we have again reviewed our entire file containing your correspondence, the information you submitted and the evaluation of that information. We regret to advise you that we find no basis for the allowance of a reward or other compensation and therefore confirm our

6. Complaint, Exh. 2.

7. Complaint, pars. 10–13; Exh. 3–A.

8. Complaint, Exh. 3–B.

9. Complaint, Exh. 1.

10. Complaint, Exh. 12.

11. See 11-page memorandum dated June 1, 1965 and captioned "Appeal for Review and Reconsideration of Decision Made May 10, 1965 by the N. Y. District Director's Office of the Internal Revenue Service." Plaintiff's file folder of correspondence submitted in opposition to motion to dismiss.

12. Complaint, Exh. 13. The District Director's letter explained the reason as follows:
"The basis for the allowance of a claim for reward is the tax recovered attributable to the information submitted by the informant *that is not available to the Revenue Service.* Information such as copies of Annual Financial Statements, Court Findings, Newspaper Clippings, etc., is as readily available to the Revenue Service as to the informant. In addition, the original books and records are examined by highly trained personnel, who utilize their knowledge and technical ability." (Emphasis in original.)

prior action in disallowing your claims." [13]

The Commissioner contends that this action is not maintainable because it is in reality a suit against the United States alone as to which the Government has not waived its sovereign immunity. Certainly nothing in the complaint indicates that the action is brought against the Commissioner and the District Director other than in their official capacities. And it seems clear that a judgment vacating a district director's discretionary determination and allowing a reward as sought by plaintiff would interfere with the public administration of 26 U.S.C. § 7623 [14]—the statute basically involved—and would expend itself only upon the public treasury and not affect the officers named in any individual capacity.

A suit nominally naming as a defendant an officer or agent of the United States Government will be held to be a suit against the United States itself, where the relief sought would interfere with the public administration, Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1949), or where, by obtaining relief against an officer or agent of the Government, relief in effect would be obtained against the sovereign itself. Larson v. Domestic and Foreign Corp., 337 U.S. 682, 688, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963). The sovereign United States cannot be sued without its consent. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1940); United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888 (1940); Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939). This immunity applies also to officers and agents of the United States acting within the scope of their official functions. Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896); Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed. 2d 1434 (1959). And, the doctrine of sovereign immunity has clearly been extended to officials of the Internal Revenue Service. Babylon Milk and Cream Co., Inc. v. Rosenbush, 233 F.Supp. 735 (E.D.N.Y.1964); Bershed v. Wood, 290 F.2d 714 (C.A. 9, 1961).

Plaintiff argues, however, that this court has jurisdiction to entertain this action by virtue of 28 U.S.C. § 1346,[15]

---

13. Complaint, Exh. 16. Additionally, the Director noted:
    "Your conclusion that the Internal Revenue Service has effected substantial recoveries and that such recoveries were a direct result of the allegations and opinions you submitted is presumptive on your part. All of your information was either available or would have become available to the Service in the ordinary course of its business of collecting the Internal revenue. The Service, for example, does not pay rewards for information against a taxpayer that the taxpayer himself, fully discloses on his tax return or his records, or which is already known to the Service or available in accessible public records."

14. Section 7623 reads:
    § 7623. Expenses of detection and punishment of frauds
    The Secretary [of the Treasury] or his delegate, under regulations prescribed by the Secretary or his delegate, is authorized to pay such sums, not ex-

ceeding in the aggregate the sum appropriated therefor, as he may deem necessary for detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws, or conniving at the same, in cases where such expenses are not otherwise provided for by law. Aug. 16, 1954, c. 736, 68A Stat. 904.
Regulation 301.7623–1 promulgated thereunder reads in pertinent part:
    (a) In general. A district director of internal revenue may approve such reward as he deems suitable for information that leads to the detection and punishment of any person guilty of violating any internal revenue law, or conniving at the same.

15. Title 28, United States Code:
    § 1346. *United States as defendant*
    (a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:
    * * * * * *
    (2) Any other civil action or claim against the United States, not exceed-

since the claim is founded upon an "implied contract with the United States." The short answer to that contention is that the authorization granted by 26 U.S.C. § 7623 and the pertinent regulation adopted thereunder have been repeatedly held not to give rise to a contractual right, implied or otherwise, to be paid compensation for information voluntarily furnished in the absence of an expressly authorized promise to pay a definite sum. Gordon v. United States, 36 F.Supp. 639, 92 Ct.Cl. 499 (1941); Katzberg v. United States, 36 F.Supp. 1023, 93 Ct.Cl. 281 (1941), cert. denied 314 U.S. 620, 62 S.Ct. 61, 86 L.Ed. 498 (1941); Chase v. United States, 60 F.Supp. 211, 103 Ct.Cl. 780 (1945); Barker v. Lein, 366 F.2d 757 (1 Cir. 1966). The rationale for these holdings was explained in Gordon v. United States, supra, where, in rejecting a claim similar to plaintiff's, Judge Whitaker wrote "[i]t will be noted that the Commissioner offers to pay no definite sum. He merely offers to pay 'such reward as' he 'may deem suitable.' There has been no offer by the Commissioner to pay any definite sum and, therefore, there has arisen no contract between the Commissioner and the plaintiff." 36 F.Supp. at 640. Section 1346, therefore, does not confer jurisdiction to entertain this action.

Although plaintiff alleges that the decisions in *Gordon* and *Katzberg, supra,* "set forth bad law and erroneous decisions and were based on highly restrictive, technical interpretation and play on words",[16] the United States Court of Appeals for the Seventh Circuit has recently found sufficient support in the *Gordon* case to affirm a decision against a claimant for reward in Sidney Gettelman v. Commissioner of Internal Revenue, No. 71–1360 (7 Cir. 1972). Holding "there was no contract between the

parties", the Court of Appeals in *Gettelman* also noted in its per curiam order:

A further reason that plaintiff cannot recover in this suit is that the relief sought is to compel the Commissioner to exercise his discretion in favor of plaintiff by paying him a reward. This involves the Commissioner in his official capacity as an agent of the United States. This suit is, in fact, against the United States. However, it is well established the sovereign cannot be sued without its consent. Magnus v. United States, 234 F.2d 673 (7 Cir. 1956).

Plaintiff makes no claim that defendants promised him a reward in any amount. Indeed he was advised at the outset that "whether or not you are entitled to an informer's reward depends upon the facts in each case."[17] The complaint, exhibits and other papers plaintiff submitted serve only to confirm that the District Director considered the facts of his case not once but several times and found them insufficient to warrant a reward.

Neither the Administrative Procedure Act, 5 U.S.C. § 701 et seq., nor 28 U.S.C. § 1361 provides a remedy to cure plaintiff's dissatisfaction with that determination and no other avenues are open to him. Section 7623 of the Internal Revenue Code of 1954 is plainly permissive in tenor and manifests a congressional intent to commit agency action with respect to informer's rewards to agency discretion by law. Hence a district director's refusal to deny a reward for the kind of information plaintiff furnished is not reviewable by this court. 5 U.S.C. § 701(a)(2); see Kletschka v. Driver, 411 F.2d 436, 442–443 (2 Cir. 1969). Nor may such a discretionary determination be vacated and set aside as plaintiff requests. Relief against administrative action or non-ac-

---

ing $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States,

or for liquidated or unliquidated damages in cases not sounding in tort.

16. Complaint, par. 15.

17. Complaint, Exh. 1–A.

tion under the court's mandamus jurisdiction, 28 U.S.C. § 1361, is available only where a governmental officer or employer has failed "to perform a duty owed to the plaintiff." The District Director here was clearly under no duty to allow plaintiff a reward or any other form of compensation. As defendants point out, mandamus does not lie to compel a change in the exercise of discretion so as to produce the action desired by the plaintiff. McEachern v. United States, 212 F.Supp. 706, 712 (W.D.S.C. 1963); see also Parker v. Kennedy, 212 F.Supp. 594, 595 (S.D.N.Y.1963).

The motion to dismiss the complaint on the grounds of lack of jurisdiction over the defendants and over the subject matter of the action is granted. Since the court is also of opinion that no claim for relief is stated as a matter of law, dismissal will be based upon that ground also.[18]

So ordered.

See also, D. C., 348 F.Supp. 15.

---

18. In view of this disposition it is unnecessary to rule upon the defendants' contention that the action is barred by the statute of limitations.