Joanna ANDERSON, Plaintiff,

v.

KELLER–HALL, INC., Defendant-Third Party Plaintiff,

v.

COMMISSIONER OF INTERNAL REVENUE SERVICE, Third Party Defendant.

No. EV 82–109–C.

United States District Court, S.D. Indiana, Evansville Division.

May 25, 1984.

Joanna Anderson, pro se.

J. Robert Kinkle, Hall, Partenheimer & Kinkle, Princeton, Ind., for Keller-Hall, Inc.

Sarah Evans Barker, U.S. Atty., George Palmer, Asst. U.S. Atty., Indianapolis, Ind., for the Government.

## MEMORANDUM

BROOKS, District Judge.

Plaintiff, Joanna Anderson, originally filed suit in the Gibson County Court demanding judgment against the defendant-third party plaintiff Keller-Hall, Inc. (here-

inafter Keller-Hall) in the amount of Three Hundred Ninety Eight Dollars and Nineteen Cents ($398.19) based upon Keller-Hall's failure to honor her form W-4 withholding allowance certificate. Keller-Hall subsequently removed that action to this Court and thereafter filed a third party complaint against the Commissioner of Internal Revenue Service (hereinafter, Commissioner) alleging that in the event that Keller-Hall is found liable to plaintiff, Keller-Hall is entitled to reimbursement by the Commissioner. In addition, Keller-Hall seeks to have the Court determine whether under the circumstances of the plaintiff, Keller-Hall is liable to withhold taxes from the plaintiff's wages on behalf of the Commissioner. Jurisdiction of this Court is said to be pursuant to Title 28 United States Code, Section 1340.

The Commissioner has moved to dismiss the third party complaint on the grounds that the Court lacks jurisdiction over the third party defendant and over the subject matter of the third party complaint by virtue of sovereign immunity; that the Declaratory Judgment Act, Title 28, United States Code Section 2201, bars a suit seeking a declaration with respect to Federal Taxes; and that in no event could Keller-Hall be found liable to plaintiff, thus reimbursement by the Commissioner will not be necessary.

■ Examination of the third party complaint reveals that only the commissioner of the Internal Revenue Service is named as a third party defendant and there are no allegations that the Commissioner acted in bad faith or outside the scope of his authority. The Court therefore must conclude that the asserted claim arises exclusively out of the Commissioner's capacity as a United States agent, and that the relief sought would in effect be obtained against the sovereign. The third party complaint thus shall be treated as a suit against the United States. *See, e.g. Schein v. United States,* 352 F.Supp. 182 (E.D.N.Y.1972).

■ It is clear that the doctrine of sovereign immunity conditions the viability of actions against the United States upon Congress' specific statutory immunity waiver. *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *EEOC v. First National Bank of Jackson,* 614 F.2d 1004 (5th Cir.1980). An unequivocal expression of sovereign immunity's waiver, rather than an implication is necessary. *United States v. Mitchell,* 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980).

■ Keller-Hall has based their claim on this Court having jurisdiction under Title 28 United States Code Section 1340. Section 1340 provides in pertinent part that:

[the] district courts shall have original jurisdiction of any civil action arising under any act of Congress providing for internal revenue, ...

While the above statute would in itself seem to provide this Court with jurisdiction over Keller-Hall's claim, numerous cases have held that jurisdictional statutes such as 28 U.S.C. § 1340 do not operate as waivers of sovereign immunity. *See, e.g., United States v. Mitchell, supra; Shaffer, supra; Essex v. Vinal,* 499 F.2d 226 (8th Cir.1974) *cert. denied,* 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1975); *Darling v. United States,* 352 F.Supp. 565 (E.D.Cal. 1972); *Geurkink Farms, Inc. v. United States,* 452 F.2d 643 (7th Cir.1971). The Court therefore finds, based upon the above authorities, that there is no proper jurisdictional basis for this Court to entertain Keller-Hall's reimbursement claim.

■ Nor does the Court have jurisdiction to determine whether or not Keller-Hall is liable to withhold taxes from plaintiff's wages on behalf of the Commissioner. The Declaratory Judgment Act, Section 2201 of Title 28 United States Code provides in pertinent part that:

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration...

The Court in accordance with other cases which have addressed the point finds that the language of the Act is clear and that

the Court has no jurisdiction to determine the propriety of withholding taxes from plaintiff's wages. *See, e.g. Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *McCabe v. Alexander,* 526 F.2d 963 (5th Cir.1976); *Schaffer, supra.*

Based upon the foregoing, the Court has no alternative but to find that the motion of the third party defendant, Commissioner of Internal Revenue Service, to dismiss the third party complaint should be and hereby is GRANTED for the reason that the Court lacks jurisdiction over both the third party defendant and the subject matter of the third party complaint.