On June 20,1975 the court issued the following order:
Before Skelton, Judge, Presiding, Kttnzig and Bennett, Judges.
“This case comes before the court on defendant’s motion filed March 21,1975, for dismissal of the plaintiff’s petition upon the grounds that plaintiff has failed to state a claim upon which relief can be granted and that the court has no jurisdiction. Plaintiff is in default in responding to the motion, but, as plaintiff has sued fro se, we do not dismiss on that account.
“’Plaintiff claims a reward for information given to the District Director, Internal Revenue Service, New Jersey, and others, which allegedly resulted in substantial recovery of fines, penalties, forfeitures, and back taxes by defendant. Plaintiff relies upon the Administrative Procedure Act to give the court jurisdiction and upon the Internal Revenue Code of 1954, 26 U.S.C. § 7628, and Treasury Regulations, 26 C.F.R. § 301.7623-1, which authorize the Secretary of the Treasury or his delegate (here the District Director, Internal Revenue) to grant an award ‘as he may deem necessary’ and ‘as he deems suitable’ for information that leads to detection and punishment of revenue law violations.
“The Administrative Procedure Act is not a jurisdictional statute but merely outlines procedures for judicial review of administrative action. Here, plaintiff is not entitled to review because such review is excluded where ‘agency action is committed to agency discretion by law.’ 5 U.S.C. § 701(a) (2). This court has no jurisdiction to grant the relief requested. The sovereign has not consented to be sued on a claim of this kind. The claim was made to the District Director and rejected. We have no power to inquire into his use of discretion given to him exclusively by law. Plaintiff has not met his burden of showing that the District Director’s action has no reasonable basis. Additionally, the court notes that similar petitions to the one before us were dismissed by the United *979 States District Court of New Jersey on October 9,1974, and January 27, 1975, so that the present claim is res judicata.
“it is therefore ordered that upon consideration of defendant’s motion to dismiss, the statutes and regulation cited above, upon authority of Saracena v. United States, 206 Ct. Cl. 90, 508 F. 2d 1333 (1975), without oral argument, and for the reasons herein stated, the motion to dismiss is granted. The petition is dismissed.”