"This case, considered without oral argument, is before us on defendant’s motion to dismiss the petition.
"Plaintiff seeks the sum of $350,000 as compensation for financial loss and physical and mental abuse allegedly occasioned by his detrimental reliance on Publication 733 of the Internal Revenue Service (IRS). This publication summarizes and embodies the policies of the IRS with respect to 26 U.S.C. § 7623 which provides that:
The Secretary or his delegate, under regulations prescribed by the Secretary or his delegate, is authorized to pay such sums, not exceeding in the aggregate the sum appropriated therefor, as he may deem necessary for detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws, or conniving at the same, in cases where such expenses are not otherwise provided for by law.
The mechanics for paying such sums are spelled out in Section 301.7623-1 of the Treasury Regulations on Procedure and Administration:
(a) In general. A district director may approve such reward as he deems suitable for information that leads to the detection and punishment of any person guilty of violating any internal revenue law, or conniving at the same. * * *
* * * * *
(c) * * * The amount of a reward shall represent what the district director deems to be adequate compensation in the particular case, normally not to exceed ten percent of the additional taxes, penalties, and fines which are recovered as a result of the information. * * * No person is authorized under these regulations to make any offer, or promise, or otherwise to bind a district director with respect to the payment of any reward or the amount thereof.
Plaintiff alleges that he had been an accountant for over 28 years with Continental Machines, Inc.; after seeing Publication 733, plaintiff gave up his position with the corporation, forfeiting his employment benefits and pension, and turned over information of corporate tax fraud to *760 the IRS. Plaintiff claims that the information he provided could have allowed the Government to collect over 3 million dollars in back taxes and penalties. Neither plaintiffs petition nor the Government’s answer make clear how much, if anything, the IRS did collect on the basis of plaintiffs information; the Government’s motion places the amount of plaintiffs award at $200. Plaintiff contends that his award was grossly inadequate and contrary to what he was led to believe would be the amount of his award according to Publication 733. To the extent the IRS did not act on plaintiffs information, and collect back taxes and penalties, plaintiff asserts that the IRS’ failure to prosecute was arbitrary and should not affect the amount of his award.
"While plaintiff has not specified any legal theory of recovery for his claim,' the only two conceivable bases for plaintiffs suit in this court are: (a) that 26 U.S.C. § 7623 and Publication 733 create a contractual relationship between the IRS and plaintiff which contemplates at least a reasonable award; and (b) that the IRS has abused its discretion in setting the amount of the award, which abuse is reviewable by this court.
"The court has long recognized, absent special negotiations between the IRS and the person seeking an award, that there is no contractual obligation to make a definite award. As the court observed in Gordon v. United States, 92 Ct. Cl. 499, 500 (1941), in passing upon Section 3463 of the Revised Statutes, a predecessor of 26 U.S.C. § 7623:
It will be noted that the Commissioner offers to pay no definite sum. He merely offers to pay "such reward as” he "may deem suitable.” There has been no offer by the Commissioner to pay any definite sum and, therefore, there has arisen no contract between the Commissioner and the plaintiff.
Accord, Schien v. United States, 352 F. Supp. 182, 185-86 (E.D. N.Y. 1972); Saracena v. United States, 206 Ct. Cl. 90, 96, 508 F.2d 1333, 1336 (1975); Katzberg v. United States, 93 Ct. Cl. 281, 36 F. Supp. 1023, cert. denied, 314 U.S. 620 (1941).
"As for implementation of 26 U.S.C. § 7623 and the regulations, we have held that we cannot overturn the *761 administrative decision with respect to a reward unless there has been an abuse of discretion or a lack of rational basis for the decision. Saracena v. United States, supra, 206 Ct. Cl. at 92, 95, 96, 508 F.2d at 1334, 1335, 1336. See also McGrath v. United States, 207 Ct. Cl. 978 (1975); Dickie Diamond a/k/a Alexander Randolph v. United States, 213 Ct.Cl. 766 (1977).
"The remaining matter is whether plaintiffs petition, assuming the truth of its factual allegations, raises any substantial doubt as to the validity of the exercise of discretion by the IRS in setting a reward. The regulation is definite in that the amount of the reward is set in comparison to the amount which the IRS recovers due to the information provided. Here, we have no knowledge of how much the IRS actually recovered, if anything; rather, plaintiff supplicates us to measure the adequacy of his reward by what the court may find the IRS should have recovered. This is far too speculative and would involve the court in an unwarranted examination of the propriety of IRS investigations. Had the IRS actually recovered, from information furnished by plaintiff, the $3 million which plaintiff says it might have collected, this could be a very different case in view of a reward of only $200. But there is no such allegation in the petition, and no reason to think that such is the case. Accordingly, we cannot say there was any abuse of discretion, even assuming the truth of the petition’s allegations.
"it is therefore ordered and concluded that defendant’s motion to dismiss is granted and the petition is dismissed.”