James A. **THOMAS**, Plaintiff,

v.

The **UNITED STATES**, Defendant.

No. 90–754T.

United States Claims Court.

Feb. 8, 1991.

Reissued March 22, 1991.[1]

James A. Thomas, pro se.

Scott W. Putney, with whom were Asst. Atty. Gen. Shirley D. Peterson, Mildred L. Seidman, and Steven I. Frahm, Washington, D.C., for defendant.

---

1. This order was issued February 8, 1991. Pursuant to defendant's request, it is being

**ORDER**

BRUGGINK, Judge.

This case comes before the court on defendant's motion to dismiss. The complaint alleges that defendant is obligated to pay plaintiff, who appears pro se, a reward pursuant to Section 7623 of the Internal Revenue Code for information concerning another taxpayer. 26 U.S.C. § 7623 (1988). The motion asserts, pursuant to RUSCC 12(b)(1) that the court lacks subject matter jurisdiction, and pursuant to RUSCC 12(b)(4) that the complaint fails to state a claim upon which relief can be granted. For the following reasons, the court concludes that it has jurisdiction, but agrees with the defendant that the complaint fails to state a claim.

The complaint alleges, and we must assume, correctly, that on February 24, 1988, plaintiff furnished the Internal Revenue Service ("IRS") with information that the Estate of Joseph D. Tobin, Sr. paid insufficient estate tax. Contemporaneously with the submission of this information plaintiff completed IRS Form 211 making application for a reward pursuant to Section 7623.

Sometime prior to March 15, 1988, estate taxes of $1,663,828 were fully paid. The complaint recites that in "March or April" of 1988, the IRS notified Mr. Thomas by letter that a determination had been made not to give him a reward. After inquiry by Kentucky Senator Mitch McConnell, and complaints by plaintiff, plaintiff's request for a reward was reopened in early 1989. After that reopening, the estate paid additional taxes in the amount of $185,051.

On March 30, 1990, plaintiff received a second letter from the IRS stating that his request for a reward had been rejected. In the final paragraph of the complaint Mr. Thomas states succinctly why he believes he is entitled to relief here: "Under Section 7623 ... Plaintiff filed a claim, the claim was reopened, and additional tax of $185,-

published.

051 was paid to the IRS. The Plaintiff is due from the United States $9,600."

 Unfortunately for Mr. Thomas, these facts are insufficient to maintain a claim in law against the Government. Section 7623,[2] the regulations thereunder,[3] Publication 733,[4] and Form 211[5] all make clear that the determination of whether an informant will receive a reward, and if so, the amount of that reward, are entirely within the discretion of the Secretary of the Treasury. *Diamond v. United States,* 213 Ct.Cl. 766, 767, 566 F.2d 1188 (1977). Courts cannot review the Secretary's decision on the basis of whether it was arbitrary or capricious. *See McGrath v. United States,* 207 Ct.Cl. 978, 521 F.2d 1406 (1975).

 Defendant has correctly argued that Section 7623, and the regulations thereunder, have been construed only to allow recovery on a contract theory. *Merrick v. United States,* 846 F.2d 725, 726 (Fed.Cir.1988). To fall within this exception, however, the complaint must allege that the informant and the Government reached agreement that an award would be made in a specific amount. *Id.* The complaint and the attachments thereto could not be clearer that no agreement of any kind was reached by the parties. In fact, the contrary is alleged. The Secretary twice denied a reward in any amount. In the absence of an allegation that agreement was reached, there can be no recovery.

Accordingly, the Clerk is directed to enter judgment dismissing the complaint, with prejudice. No costs.

---

**2.** Section 7623 authorizes the Secretary to "pay such sums ... as he may deem necessary for detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws...."

**3.** 26·C.F.R. § 301.7623–1(a) (1990) provides that the District Director of the IRS may "approve such reward as he deems suitable...."

**4.** Publication 733, which explains the reward program, states, *inter alia,* that "The District Director will determine whether a reward will be paid and its amount."

**5.** Form 211 requires the applicant for an award to subscribe to the following statement: "I understand the amount of any award will represent what the District or Service Center Director considers appropriate in this particular case."