John DOE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 97–172T.

United States Court of Federal Claims.

Aug. 1, 1997.

John Doe, pro se.

## OPINION

WEINSTEIN, Judge.

Plaintiff, currently incarcerated in a federal prison, and acting *pro se*, seeks to recover reward money he claims is owed to him by the Internal Revenue Service (IRS) within the United States Department of the Treasury, pursuant to 26 U.S.C. § 7623. Under 28 U.S.C. § 1915A, this court must screen as soon as practicable, "before docketing, if feasible," all complaints filed by prisoners seeking relief from the government, and dismiss if, among other things, the complaint fails to state a claim upon which relief may be granted. Because plaintiff is such a prisoner and fails to state a claim upon which relief may be granted, his complaint is dismissed.

*Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police*

*Dept.*, 901 F.2d 696, 699 (9th Cir.1988). Accepting his well-pleaded allegations as true, *see Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)), plaintiff was the sole source of information for a successful federal money laundering investigation. In return for his information, an IRS agent "told [plaintiff] that he [the agent] would complete, and file, an IRS Form 211, to effect reward for/to [plaintiff]." Compl. ¶ 8. However, the agent never completed an IRS Form 211 on his behalf and no IRS agents had any further contact with plaintiff after arrests were made in the investigation. Compl. ¶ 11, 10. Plaintiff contends that the IRS agents' actions constituted bad faith and breach of contract. Compl. ¶ 10.

The statute cited by plaintiff authorizes the Secretary of the Treasury "to pay such sums ... as he may deem necessary for detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws." 26 U.S.C. § 7623. The implementing regulation establishes that an IRS "district director may approve such reward as he deems suitable," 26 C.F.R. § 301.7623–1(a), and that "[t]he amount of the reward shall represent what the district director deems to be adequate compensation in the particular case," 26 C.F.R. § 301.7623–1(c).

▪ Because the statute and the implementing regulation leave the decision to authorize a reward to the discretion of the IRS, they act as no more than an "indefinite reward offer" that is unenforceable until the parties act in such a manner as to remove the indefiniteness, for example by agreeing to a certain reward amount. *Merrick v. United States,* 846 F.2d 725, 726 (Fed.Cir. 1988). "[A]bsent special negotiations between the IRS and the person seeking an award, ... there is no contractual obligation to make a definite award." *Lagermeier v. United States,* 214 Ct.Cl. 758, 760, 566 F.2d 1188 (1977). The United States Court of Appeals for the Federal Circuit has held that "[a]n enforceable contract will arise under [26 U.S.C. § 7623] only after the informant and the government negotiate and fix a specific amount as the reward." *Merrick,* 846 F.2d at 726.

Assuming that every fact plead in the complaint is true, as required at this stage, plaintiff has not established that such a contract was negotiated and agreed to. Therefore, his contract claim must be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

▪ Terming the Service's reasons for rejecting his claims as "capricious, unfounded, false, and discriminatory," [1] Compl. ¶ 13, plaintiff contends that the IRS abused its discretion in refusing to grant him a reward. This court has jurisdiction to overturn an administrative reward decision on the grounds of an abuse of discretion or of the lack of rational basis for the decision. *Lagermeier,* 214 Ct.Cl. at 760; *Randolph v. United States,* 213 Ct.Cl. 766, 767 (1977); *Saracena v. United States,* 206 Ct.Cl. 90, 508 F.2d 1333, 1334–36 (1975). However, the facts as plead by plaintiff do not raise substantial doubts about the integrity of the IRS procedure in his case. The IRS is not obligated to provide a reward to all eligible applicants.[2] The mere fact that they provid-

---

1. In his complaint, plaintiff referenced the IRS written reward denial as "Appendix 3." However, no appendices were attached.

2. The Federal Circuit recently discussed this court's jurisdiction under another reward statute, 19 U.S.C. § 1619. *Doe v. United States,* 100 F.3d 1576 (Fed.Cir.1996). In that case, the Federal Circuit held that the statute, which sets out in detail the type of activities for which a person may receive an award of a minimum amount, required "the payment of some award to claimants who have met the statutory conditions for recovery," and that the Secretary of the Treasury's discretion was limited to determining the amount of the reward. *Id.* at 1581–82. Unlike § 1619, § 7623 provides only that the "Secretary ... is authorized to pay such sums ... as he may deem necessary...." In addition, the Federal Circuit in *Doe* noted that its decision did not address claims based on implied-in-fact contracts. *Doe,* 100 F.3d at 1582 n. 5.

The Court of Claims, in a decision binding on this court, held that Treasury officials have "complete discretion in the first instance to determine whether an award should be made" pursuant to § 7623. *Saracena,* 508 F.2d at 1336.

ed no reward in plaintiff's case does not, by itself, demonstrate an abuse of discretion. Because he did not provide a sufficient factual explanation for why the IRS actions were improper, he has failed to state a claim upon which relief may be granted. *See Lagermeier*, 214 Ct.Cl. at 760.

Absent 28 U.S.C. § 1915A(a), the court would be required to permit service of process upon defendant, who could then raise a Rule of the Court of Federal Claims (RCFC) 12(b)(4) defense by means of a motion to dismiss. Plaintiff then would have an opportunity to amend the complaint within twenty days, pursuant to RCFC 15(a) (provided, as would be likely, that no trial had been scheduled).

Under the procedural posture of this case, plaintiff is deprived of this opportunity to amend and perhaps avoid dismissal of his claim. In order to avoid the potential unfairness of this result, should plaintiff have a valid but poorly stated claim, the court will dismiss the complaint without prejudice.

The court admonishes plaintiff, however, that if, in refiling the complaint, he does not amend it so as to bring it within the ambit of the rules of law set out herein (that is, still does not allege that an agreement was negotiated with the IRS setting a definite amount of reward or establish abuse of discretion by the IRS), plaintiff may be subject to sanctions under RCFC 11. That rule provides in pertinent part that a party's signature constitutes a certificate that, to the best of the "party's knowledge, information, and belief formed after reasonable inquiry [the claim] is well grounded in fact and is warranted by existing law." RCFC 11. The court must impose an appropriate sanction if a pleading, motion, or other paper is signed in violation of this rule. *Id.*