Dennis P. DESTEFANO, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 01–470T.

United States Court of Federal Claims.

March 22, 2002.

Lawrence M. Lebowsky, Los Angeles, CA, for plaintiff.

Charles J. Crueger, Washington, DC, with whom was Assistant Attorney General Eileen J. O'Connor, for defendant.

## ORDER

MILLER, Judge.

This case is before the court on defendant's motion to dismiss pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. 26 U.S.C. ("I.R.C.") § 7623 (1994 & Supp. V 1999), confers the Secretary of the Treasury with discretion to determine eligibility for reward for detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws. The issue to be decided is whether plaintiff, who claims that he was not a police officer at the time, is entitled to judicial review of a decision finding him ineligible for a reward as a law enforcement officer when the applicable regulation disqualifies officers and employees of the Department of the Treasury from receiving rewards. Argument is deemed unnecessary.

## FACTS

The facts are drawn from the complaint. On or about May 1993, Dennis P. Destefano ("plaintiff") gave the Internal Revenue Service, San Jose, California Office (the "IRS") information resulting in successful criminal prosecutions and the recovery of tax, penalties, and interest. On or about April 1999, plaintiff submitted a claim on IRS Form 211 with the Internal Revenue Service District Director for the Western Region (the "District Director") for a reward based on the amounts collected by the IRS, as authorized by I.R.C. § 7623. By letter of August 12, 1999, the District Director denied plaintiff's claim.

On or about April 2001, a representative of the IRS informed plaintiff that his claim was denied because he was a law enforcement officer.[1] On or about May 2001, plaintiff submitted a letter for reconsideration of the District Director's denial of his claim. Plaintiff received no response to his request.

1. Plaintiff was not a law enforcement officer

Plaintiff seeks damages to be determined at trial; costs for suit, including attorneys' fees; and other relief as the court deems proper.

## DISCUSSION

Under the Tucker Act, 28 U.S.C. § 1491(a)(1) (1994 & Supp. V 1999), the Court of Federal Claims is authorized to

render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

This jurisdiction extends only to claims for money damages and must be strictly construed. *United States v. Testan*, 424 U.S. 392, 397–98, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Moreover, while conferring jurisdiction, the Tucker Act does not create a substantive right enforceable against the United States for monetary damages. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980); *Testan*, 424 U.S. at 398, 96 S.Ct. 948. "Instead, to invoke jurisdiction under the Tucker Act, a plaintiff must identify a contractual relationship, constitutional provision, statute, or regulation that provides a substantive right to money damages." *Khan v. United States*, 201 F.3d 1375, 1377 (Fed.Cir.2000).

I.R.C. § 7623 provides:

The Secretary, under regulations prescribed by the Secretary, is authorized to pay such sums as he deems necessary for—

(1) detecting underpayments of tax, and

(2) detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws or conniving at the same,

in cases where such expenses are not otherwise provided by law. Any amount payable under the preceding sentence shall be paid from the proceeds of amounts (other than interest) collected by reason of the information provided, and any amount so

when he supplied information to the IRS.

collected shall be available for such payments.

I.R.C. § 7623 is a discretionary statute empowering the cognizant District Director to determine whether a reward is paid and the amount of any reward. *Krug v. United States,* 168 F.3d 1307, 1310 (Fed.Cir.1999); *Saracena v. United States,* 206 Ct.Cl. 90, 95, 508 F.2d 1333, 1336 (1975); *see also Lagermeier v. United States,* 214 Ct.Cl. 758, 760 (1977); *Diamond v. United States,* 213 Ct.Cl. 766, 767 (1977).

■ 26 C.F.R. § 301.7623–1(a) (2001) provides, in pertinent part:

> *In General* In cases where rewards are not otherwise provided for by law, a district or service center director may approve a reward, in a suitable amount, for information that leads to the detection of underpayments of tax, or the detection and bringing to trial and punishment of persons guilty of violating the internal revenue laws or conniving at the same.

I.R.C. § 7623 and 26 C.F.R. § 301.7623–1 do not mandate monetary rewards and consequently do not create a substantive right to money damages, so plaintiff cannot premise jurisdiction on either the statute or regulation. Moreover, "[t]he United States cannot be contractually bound merely by invoking the cited statute and regulation." *Merrick v. United States,* 846 F.2d 725, 726 (Fed.Cir. 1988) (citing *Saracena,* 206 Ct.Cl. at 96, 508 F.2d at 1336).[2] The applicable statute and regulation neither create contractual obligations upon the Government nor do they empower judicial review. The statute and regulation provide that the IRS may pay a reward. The word "may" does not require a payment of a reward; rather, it gives discretion to the District Director to determine whether payment of a reward is appropriate. *Krug,* 168 F.3d at 1309; *Merrick,* 846 F.2d at 726 (explaining that these provisions do not contractually bind the Government). Thus,

the District Director's decision to deny plaintiff's claim, even if unreasonable, is not reviewable by the Court of Federal Claims because plaintiff has not shown that either the statute or the regulation crosses the threshold from a discretionary determination to a mandate of payment. *Confidential Informant v. United States,* 46 Fed.Cl. 1, 6 (2000) (holding that I.R.C. § 7623 is discretionary statute and does not mandate payment of money within meaning of Tucker Act).

In *McGrath v. United States,* 207 Ct.Cl. 978 (1975), plaintiff claimed a reward under I.R.C. § 7623 and 26 C.F.R. § 301.7623–1, predicating jurisdiction on the Administrative Procedure Act, 5 U.S.C. § 701–06 (2000) (the "APA"), 207 Ct.Cl. at 979. The APA, however, excludes judicial review under § 701(a)(2) where "agency action is committed to agency discretion by law." While pointing out that the APA is not a jurisdictional statute, the Court of Claims dismissed the action as nonreviewable under APA standards. Although this court does not reach the issue, the Federal Circuit noted in *Krug* that "it is an open question whether an agency's denial of a discretionary award is reviewable at all." 168 F.3d at 1310 (citing APA). It would be unfortunate, indeed, if the APA's standard of review became confused with examination of the statutory, regulatory, and constitutional provisions that can serve to provide jurisdiction for other claims.

Although plaintiff expressly disavows bringing a claim on a contract theory, he cites cases involving contractual claims. Yet, plaintiff has not pleaded that a contract exists between the Government and himself. I.R.C. § 7623 does not provide a basis for jurisdiction. The regulation does not create an implied contract, nor does it require the District Director to enter into a contract. Assuming, *arguendo,* that jurisdiction were present and, further, that a contract had

---

**2.** In *Merrick* the Federal Circuit held that the subject statute and regulation amounted to "an indefinite reward offer that an informant may respond to by his conduct." 846 F.2d at 726. The court, however, did not hold that the statute and regulation, alone, contractually bound the Government. The United States becomes contractually bound once it agrees that a party is

eligible to receive payment in connection with a successful prosecution of internal revenue laws violators. *Merrick,* 846 F.2d at 726; *see also Krug,* 168 F.3d at 1309–10. *But see McGrath v. United States,* 207 Ct.Cl. 978, 979 (1975) (holding that jurisdiction is lacking because action seeks review under the Administrative Procedure Act).

been formed between the Government and plaintiff and that a dispute arose as to the amount of a reward, the court could not review the District Director's determination as to its amount.

## CONCLUSION

Accordingly, based on the foregoing, defendant's motion to dismiss is granted, and the Clerk of the Court shall dismiss the amended complaint without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

No costs.