**Thomas I. AMSINGER, Pro Se, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 10–404 T.**

United States Court of Federal Claims.

July 7, 2011.

Thomas I. Amsinger, St. Louis, MO, pro se.

Mark A. Ryan, United States Department of Justice, with whom were John A. DiCicco, Principal Deputy Assistant Attorney General, Stephen I. Frahm, Chief, Court of Federal Claims Section, G. Robson Stewart, Assistant Chief, Washington, DC, for defendant.

## OPINION

BUSH, Judge.

Mr. Thomas I. Amsinger filed his complaint in this court on June 29, 2010.[1] The fundamental nature of Mr. Amsinger's claim is that the Internal Revenue Service (IRS) breached an implied contract with plaintiff whereby the government was obligated to pay Mr. Amsinger a reward for information leading to the collection of unpaid taxes. The court has before it defendant's motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Defendant's motion has been fully briefed. For the reasons set forth below, defendant's motion is granted.

---

1. The initial complaint has been superseded by plaintiff's second amended complaint, filed January 19, 2011. All references to the complaint in this opinion are to the second amended complaint.

## BACKGROUND[2]

According to the complaint, Mr. Amsinger contacted the IRS in late 2002, and had meetings and telephone conversations with a Tax Fraud Administrative Assistant, Ms. Drury, in 2003. Compl. ¶¶ 8–9, 13; Pl.'s Resp. ¶¶ 1, 6, Ex. J. The subject of these communications was plaintiff's allegations that the trustee of a revocable living trust had improperly taken funds from that trust and had not claimed these funds as income in her tax filings. Compl. ¶¶ 8–9, 12–13. It is plaintiff's contention that an implied contract for a reward was established by these communications with Ms. Drury. See Compl. ¶ 8 ("These actions by Drury, both the discussion of the Award percentage at the initial meeting on February 18, 2003, and the special handling of plaintiff's [IRS Form 211— Application for Reward for Original Information] constitute an implied contractual agreement between the United States agency IRS and plaintiff for a percentage amount greater than 0% of recovered tax. . . .").

Over the course of the next few years, Mr. Amsinger filed three IRS Form 211's regarding the trustee's tax liability, all of which were rejected by the IRS. See Compl. ¶¶ 8, 15–17, 19, 22, 26–27, Exs. B, C, F, H, I; Pl.'s Resp. ¶¶ 2, 5–6, 10, Exs. J, N, O. All of the rejections from the IRS stated that plaintiff's applications did not meet the IRS criteria for a reward. Plaintiff asserts that taxes were eventually collected from the trustee as a result of his provision of information in the Form 211's. See Compl. ¶¶ 11, 20; Pl.'s Resp. ¶ 11. For this reason, plaintiff asserts that the United States breached the implied contract that entitles him to a reward. Compl. at 7.

## DISCUSSION

### I. Standards of Review

The court acknowledges that Mr. Amsinger is proceeding *pro se*, and is "not expected

---

2. The facts recited here are taken from the complaint and the exhibits attached thereto, and plaintiff's clarification of the complaint in his response brief. The court makes no findings of fact in this opinion. Furthermore, the court has not relied upon the exhibits attached to defendant's motion.

to frame issues with the precision of a common law pleading." *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed.Cir.1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint and response brief thoroughly and has attempted to discern all of plaintiff's legal arguments.

In rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814–15, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988). However, plaintiff bears the burden of establishing subject matter jurisdiction, *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed.Cir.1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)), and must do so by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citations omitted). If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3). When the government has challenged the merits of a claim by means of a motion filed under RCFC 12(b)(1), this court may dismiss that portion of the complaint for failure to state a claim upon which relief can be granted, under RCFC 12(b)(6). *E.g., Stephanatos v. United States*, 81 Fed. Cl. 440, 442 (2008); *Cherbanaeff v. United States*, 77 Fed.Cl. 490, 492 (2007); *Esch v. United States*, 49 Fed.Cl. 631, 634 (2001) (citation omitted); *see* Def.'s Mot. at 10 n. 8.

It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed.Cir.2002). When considering a motion to dismiss for failure to state a claim, "the allegations of the complaint should be construed favorably to the pleader." *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683. The court must also inquire whether the complaint meets the plausibility standard described by the United States Supreme Court, *i.e.*, whether it adequately states a claim and provides a "showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted).

## II. Analysis

### A. No Jurisdiction over Tort Claims, Implied–in–Law Contract Claims, and Claims Arising under 26 U.S.C. § 7623(b) (2006)

The Tucker Act delineates this court's jurisdiction. 28 U.S.C. § 1491 (2006). This statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States...." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed.Cir.2005) (*en banc*) (citations omitted). These include claims "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The court must determine at the outset whether plaintiff's claims fall within the "specified categories of actions against the United States" that are within this court's jurisdiction. *Fisher*, 402 F.3d at 1172.

The Tucker Act concurrently "waives the Government's sovereign immunity for those actions." *Fisher*, 402 F.3d at 1172. The statute does not, however, create a substantive cause of action or right to recover money damages in the Court of Federal Claims. *Id.* "[T]o come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.* (citations omitted). In other words, the source underlying the cause of action must be money-

mandating, in that it "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *United States v. Testan,* 424 U.S. 392, 400, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (quoting *Eastport S.S. Corp. v. United States,* 372 F.2d 1002, 1009 (Ct.Cl.1967) and citing *Mosca v. United States,* 417 F.2d 1382, 1386 (Ct.Cl.1969)). If the provision relied upon is found to be money-mandating, the plaintiff need not rely upon a waiver of sovereign immunity beyond the Tucker Act. *Huston v. United States,* 956 F.2d 259, 261 (Fed.Cir.1992) (citing *United States v. Mitchell,* 463 U.S. 206, 218, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983)). If, on the other hand, no money-mandating provision supports jurisdiction for a cause of action, this court must dismiss the suit. RCFC 12(h)(3).

■ The complaint in this case presents certain "allegations against defendant" which could be read to include claims over which this court has no jurisdiction. For example, the IRS is criticized for its failure to appoint a case manager to administer plaintiff's reward, and for negligence in processing plaintiff's applications for a reward. Compl. at 7. Plaintiff clearly states in his response brief that "[t]his is not a tort case." Pl.'s Resp. ¶ 1. To the extent that the complaint could be read to include tort claims, the court, for the sake of clarity, dismisses any and all tort claims from this case for lack of jurisdiction. *See* 28 U.S.C. § 1491(a)(1) (excluding cases "sounding in tort").

Plaintiff, proceeding *pro se,* has not indicated which type of "implied contractual agreement," Compl. at 7, underlies his claim. As defendant notes, contracts implied-in-law are not within the jurisdiction of the court. *See, e.g., Barrett Refining Corp. v. United States,* 242 F.3d 1055, 1059 (Fed.Cir.2001). To the extent that the complaint could be

read to include a claim founded on a contract implied-in-law, the court dismisses any implied-in-law contract claims from this case for lack of jurisdiction.

Plaintiff also asserts that 26 U.S.C. § 7623(a) (2006) and 26 U.S.C. § 7623(b) (2006) entitle him to a reward.[3] Defendant persuasively argues that the United States Tax Court exercises exclusive jurisdiction over claims brought under § 7623(b). *See* Def.'s Mot. at 12–13 (citing cases). This court has so held. *See, e.g., DaCosta v. United States,* 82 Fed.Cl. 549, 555 (2008). Thus, plaintiff's claims founded on 26 U.S.C. § 7623(b) are dismissed for lack of jurisdiction.

## B. Jurisdiction over Section 7623(a) Claim

■ Defendant contends that plaintiff's claim founded on the reward statute, 26 U.S.C. § 7623(a), and its implementing regulation, 26 C.F.R. § 301.7623–1 (2010), should be dismissed for lack of jurisdiction. *See* Def.'s Mot. at 6 ("Section 7623(a) and its implementing regulation are not money-mandating, and they are therefore insufficient to invoke this court's jurisdiction.") (capitalization altered). The government's position relies on a line of cases that have found that § 7623 does not, by itself, create a contract which binds the United States. A leading case states that:

> The United States cannot be contractually bound merely by invoking [§ 7623 and 26 C.F.R. § 301.7623–1(a) ].... An enforceable contract will arise under these authorities only after the informant and the government negotiate and fix a specific amount as the reward. *Lagermeier v. United States,* 566 F.2d 1188, 214 Ct.Cl. 758, 760 (1977); *Gordon v. United States,*

**3.** Amendments to § 7623 in 2006 added § 7623(b), and retained former § 7623, with minor technical changes, as § 7623(a). *See DaCosta v. United States,* 82 Fed.Cl. 549, 552–54 (2008). Because plaintiff alleges communications with the IRS both before and after 2006, the court considers the complaint to contain claims that may have arisen both before and after 2006. Therefore, the court applies both pre–2006 § 7623 and post–2006 § 7623(a), which provide almost identical statutory authori-

zation for reward claims, to plaintiff's claims without deciding when those claims arose. The court notes that either § 7623 or § 7623(a) may be used in this opinion to broadly reference the statutory reward authority relied upon by plaintiff, and relevant caselaw. This court has held, however, that § 7623(b), a distinct whistleblower award provision, is inapplicable to claims arising before 2006; thus, any of plaintiff's claims arising before 2006 could not rely on § 7623(b). *See DaCosta,* 82 Fed.Cl. at 553–54 & n. 6.

36 F.Supp. 639, 640, 92 Ct.Cl. 499 (1941); *Briggs v. United States,* 15 Ct.Cl. 48, 50, 54 (1879).

*Merrick v. United States,* 846 F.2d 725, 726 (Fed.Cir.1988) (citation omitted).

The United States Court of Appeals for the Federal Circuit has noted that this court interprets the "holding in *Merrick* [regarding] 26 U.S.C. § 7623 and 26 C.F.R. § 301.7623–1 [to] allow recovery on a contract theory only." *See Cambridge v. United States,* 558 F.3d 1331, 1334 (Fed.Cir.2009) (describing this court's reliance on *Merrick* in the decision affirmed in *Cambridge* ). *Cambridge* instructs, although somewhat indirectly, that a plaintiff's only remedy under § 7623(a) in this court is in contract. *See Cambridge,* 558 F.3d at 1335 (stating that for the plaintiff in that case "to assert a valid claim under 26 U.S.C. § 7623 and 26 C.F.R. § 301.7623–1(a), Ms. Cambridge had to allege facts" supporting contract formation). Several decisions of this court have interpreted *Merrick* to hold that only a contract theory permits recovery for claims brought under § 7623. *See, e.g., DaCosta,* 82 Fed.Cl. at 556 ("The language of former section 7623, which is now found in subsection 7623(a), has been interpreted to provide for a contractual claim for a reward only when the informant and the Government negotiate and fix a specific amount as the reward; the statute itself is not money-mandating for jurisdictional purposes."); *Destefano v. United States,* 52 Fed. Cl. 291, 293 (2002) ("[Section] 7623 and 26 C.F.R. § 301.7623–1 do not mandate monetary rewards and consequently do not create a substantive right to money damages, so plaintiff cannot premise jurisdiction on either the statute or regulation."); *Stack v. United States,* 25 Cl.Ct. 634, 637 ("Neither 26 U.S.C. § 7623 nor 26 C.F.R. § 301.7623–1, standing alone, obligates the IRS to pay a reward to a tax informant."), *aff'd,* 983 F.2d 1088 (Fed. Cir.1992) (table); *Thomas v. United States,* 22 Cl.Ct. 749, 750 (1991) ("Defendant has correctly argued that Section 7623, and the regulations thereunder, have been construed only to allow recovery on a contract theory.").

It is of note that in older cases from the Court of Claims, plaintiffs sometimes challenged the denial of a reward under § 7623 under an alternate theory, that of an abuse of administrative discretion, and the court reviewed complaints for the sufficiency of such claims. *See, e.g., Lagermeier,* 566 F.2d 1188, 214 Ct.Cl. at 760–61 (rejecting the applicability of a contract theory to the facts alleged by the plaintiff in that case, and also finding that "there was [no] abuse of discretion [on the part of the IRS], even assuming the truth of the petition's allegations"); *Diamond v. United States,* 566 F.2d 1188, 213 Ct.Cl. 766, 767 (1977) ("Plaintiff has utterly failed to show any abuse of such discretion or lack of rational basis for the administrative determination[;] [t]herefore, plaintiff fails to state a claim upon which relief can be granted."); *Saracena v. United States,* 508 F.2d 1333, 1336 (Ct.Cl.1975) (dismissing a reward claim for failure to state a claim, after reviewing the denial of the claim for abuse of discretion, and also noting that no contract had been alleged that could support the claim in this court). Notwithstanding these cases, there was also contrary authority, where the Court of Claims stated that it had no jurisdiction to review the administrative denial of a reward under § 7623. *McGrath v. United States,* 521 F.2d 1406, 207 Ct.Cl. 978, 978–79 (1975) (citing *Saracena* and stating that the Court of Claims had no jurisdiction to consider the administrative denial of a reward claim brought under 26 U.S.C. § 7623 and 26 C.F.R. § 301.7623–1).

As late as 1997, this court referred to its power to exercise abuse of discretion review of § 7623 reward decisions of the IRS. *See Doe v. United States,* 38 Fed.Cl. 377, 378 (1997) ("This court has jurisdiction to overturn an administrative reward decision on the grounds of an abuse of discretion or of the lack of rational basis for the decision.") (citations omitted). This view of the law was seriously undermined by the Federal Circuit in *Krug v. United States,* 168 F.3d 1307 (Fed.Cir.1999). In *Krug,* the Federal Circuit stated that this court's power to conduct an abuse of discretion review in § 7623 cases was an "open question." *Id.* at 1310. The court below had conducted an abuse of discretion review which the Federal Circuit described as "at most harmless error," because

the agency's decision had not been disturbed. *Id.*

In *Cambridge,* although the panel's decision did not discuss abuse of discretion review, the dissent raised this issue, and it had been raised below. *See Cambridge,* 558 F.3d at 1340 (asserting that § 7623 reward claim denials may be reviewed for abuse of discretion) (Newman, J., dissenting); *Cambridge v. United States,* No. 07–142T, 2007 WL 1888888, at *2 (Fed.Cl. May 29, 2007) (holding that § 7623 was discretionary and not money-mandating, and that the only possible recovery in this court was under a contract theory) (citations omitted). The majority of the *Cambridge* panel saw "no error in the decision of the Court of Federal Claims" below. 558 F.3d at 1335. To the extent that any abuse of discretion review of § 7623 claims survived *Merrick* and *Krug,* the Federal Circuit in *Cambridge* resolved that "open question." *See Johnston v. IVAC Corp.,* 885 F.2d 1574, 1579 (Fed.Cir.1989) ("Where conflicting statements such as these appear in our precedent, [a later] panel is obligated to review the cases and reconcile or explain the statements, if possible."). Thus, after *Cambridge,* the only possible recovery under § 7623(a) in this court is under a contract theory.

This court has consistently considered reward claims under § 7623 to be contract claims, not statutory entitlement claims. *See, e.g., Conway v. United States,* 56 Fed.Cl.

572, 572 n. 1 (2003) (stating that because the plaintiff in that case sought "recovery pursuant to a written contract entered into with the IRS[,] ... plaintiff's complaint [citing § 7623] is properly construed as a claim for breach of contract"); *Stack,* 25 Cl.Ct. at 637 n. 4 (noting that the *pro se* plaintiff in that case had cited 26 U.S.C. § 7623 in his complaint, but had later alleged a written contract with the IRS, so the court "accept[ed] plaintiff's most recent allegation of jurisdiction, *i.e.,* a breach of contract"). Where, as here, a plaintiff has pled both a statutory claim under § 7623(a) and a breach of contract claim, this court has on at least one occasion dismissed the § 7623 claim for lack of jurisdiction and proceeded to examine the breach of contract claim under the failure to state a claim standard. *Confidential Informant v. United States,* 46 Fed.Cl. 1, 8 (2000). This approach seems appropriate here. *But see DaCosta,* 82 Fed.Cl. at 557 (dismissing both the § 7623(a) and implied-in-fact contract claims for lack of jurisdiction when the plaintiffs failed to allege the elements necessary to the formation of a contract).

Although there is some room for debate as to the proper procedure to follow in these cases, where a plaintiff has pled both a statutory claim under § 7623(a) and a contract claim based on the statute, this court may dismiss the statutory claim for lack of jurisdiction and then consider the contract claim under RCFC 12(b)(6).[4] *Confidential Infor-*

---

**4.** The question of whether the failure to allege facts sufficient to support the formation of a reward contract with the IRS is more properly considered under RCFC 12(b)(1) or RCFC 12(b)(6) has not been specifically addressed by the Federal Circuit. The weight of authority appears to favor the consideration of the contract formation issue under RCFC 12(b)(6) or under a motion for summary judgment, rather than under RCFC 12(b)(1). *See, e.g., Cambridge,* 558 F.3d at 1332 (affirming dismissal pursuant to RCFC 12(b)(6)); *Krug,* 168 F.3d at 1310 (affirming summary judgment decision in favor of the government); *Merrick,* 846 F.2d at 726–27 (reversing this court's dismissal for failure to state a claim); *Saracena,* 508 F.2d at 1333 (granting motion to dismiss for failure to state a claim); *Abraham v. United States,* 81 Fed.Cl. 178, 183, 187–88 (2008) (denying defendant's jurisdictional challenge but also denying plaintiff summary judgment on the contract formation issue); *Confidential Informant,* 46 Fed.Cl. at 8 (denying the government's motion to dismiss for failure to

state a claim as to the contract-based claim); *Doe,* 38 Fed.Cl. at 378 (dismissing for failure to state a claim); *Stack,* 25 Cl.Ct. at 638 (dismissing for failure to state a claim); *Thomas,* 22 Cl.Ct. at 749 (dismissing for failure to state a claim). *But see DaCosta,* 82 Fed.Cl. at 558 (dismissing for lack of jurisdiction); *Conner v. United States,* 76 Fed.Cl. 86, 88 (2007) (holding that because it was clear to the court that "no contractual claim against the IRS was created, ... this Court [was] without jurisdiction to hear [the *pro se* plaintiff's] claim"); *Destefano,* 52 Fed.Cl. at 293–94 (finding that 26 C.F.R. § 301.7623–1 "does not create an implied contract" and dismissing that suit for lack of jurisdiction). Because, as discussed *infra,* an implied-in-fact contract does support jurisdiction in this court, in this case the court believes the contract formation issue to be suitable for consideration under the RCFC 12(b)(6) standard. *See Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.,* 525 F.3d 1299, 1309 (Fed.Cir. 2008) ("In determining whether the Court of

*mant,* 46 Fed.Cl. at 8. Because the statutory claim and the contract claim are in all material respects duplicative, the dismissal of the statutory claim for lack of jurisdiction denies plaintiff nothing of value.[5] By dismissing the statutory claim, the court properly turns to the essential question of whether or not relief may be granted on plaintiff's reward claim, which is based on his allegation that an implied-in-fact contract was formed between Mr. Amsinger and the United States.

## C. Implied–in–Fact Contract Claim for a Reward

This court, under the Tucker Act, has jurisdiction over claims against the United States for breach of implied-in-fact contracts. *See, e.g., Hanlin v. United States,* 214 F.3d 1319, 1321 (Fed.Cir.2000) (stating that when a "complaint presents a non-frivolous allegation of the existence of an implied-in-fact contract[,] this is sufficient to confer jurisdiction in the Court of Federal Claims under 28 U.S.C. § 1491(a)(1)" (citing *Gould v. United States,* 67 F.3d 925, 929 (Fed.Cir. 1995))). A non-frivolous jurisdictional allegation is one that asserts that the plaintiff is "within the class of plaintiffs entitled to recover under the money-mandating source." *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.,* 525 F.3d 1299, 1309 (Fed.Cir.2008). Potential money-mandating sources for Tucker Act claims in this court include express and implied contracts, statutes, regulations and constitutional provisions. 28 U.S.C. § 1491(a)(1). Thus, Mr. Amsinger's allegation of an implied-in-fact contract for a reward confers jurisdiction on this court over his claim.

Because binding precedent from the Federal Circuit fully sets forth the required elements of a reward contract binding on the United States, however, the court must apply these precedents. Under *Merrick,* a plaintiff

must allege that the IRS negotiated and set the amount of the reward, or at least agreed to a formula for computing the amount of the reward based upon the amount of taxes recovered. A closer examination of *Merrick* and subsequent cases reveals the heavy burden placed upon a plaintiff in this court seeking a reward authorized by § 7623(a).

### 1. *Merrick*

Mr. Merrick "provided the [IRS] with information otherwise unknown to the agency regarding an illegal tax shelter [and using this information] the IRS recovered over $10 million." *Merrick,* 846 F.2d at 725. The Acting District Director of the IRS area office informed Mr. Merrick that he would receive a reward, and specified how the IRS would calculate the reward amount. *Id.* at 725–26. Mr. Merrick was paid a $31,000 reward, which was far less than he believed he was due under the formula specified by the IRS. *Id.* at 726. When Mr. Merrick demanded an additional reward from the IRS, that demand was rejected and he filed suit in this court. *Id.*

This court dismissed his suit for failure to state a claim. *Id.* Upon appeal, the Federal Circuit reversed and remanded. There are three particular holdings in that case which are relevant to Mr. Amsinger's suit. First, the court of appeals found that § 7623 and the implementing regulation "give the IRS broad discretion to decide whether to make an award or how much to grant." *Id.* (citing *Saracena,* 508 F.2d at 1336). Second, the court held that "[a]n enforceable contract will arise under these authorities only after the informant and the government negotiate and fix a specific amount as the reward." *Id.* (citations omitted). Third, because the complaint filed by Mr. Merrick alleged that "an Acting District Director fixed the amount of

---

Federal Claims has jurisdiction, all that is required is a determination that the claim is founded upon a money-mandating source and the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source. There is no further jurisdictional requirement that the court determine whether the additional allegations of the complaint state a nonfrivolous claim on the merits.").

**5.** Even if abuse of discretion review had survived *Cambridge,* which the court believes it did not, that standard of review in reward cases was extremely deferential. The court is not aware of *any* successful § 7623 claims brought on the abuse of discretion theory of recovery. Certainly, with the facts alleged here, plaintiff has not stated a colorable claim that the IRS denials of his reward applications were an abuse of the agency's discretion.

the reward ... by establishing how the IRS would calculate it[,] ... [t]he facts alleged in Merrick's complaint [we]re sufficient to state that the IRS fixed the amount of the reward [and were] sufficient to state a contract claim against the United States." *Id.* Because the facts alleged by Mr. Merrick, if true, were sufficient to establish a contract with the United States, the trial court was instructed to allow his complaint to go forward in this court.[6]

Clear requirements for a reward claim emerge from *Merrick.* For a complaint to survive a motion to dismiss for failure to state a claim, the reward claim based on § 7623 must allege that the government negotiated and fixed a specific amount for a reward. In Mr. Merrick's case, it is significant that the Acting District Director of the IRS office was alleged to have communicated directly with Mr. Merrick and to have negotiated and fixed a specific calculation formula which would determine the reward amount.[7] Thus, unless a plaintiff alleges that the government, acting through an official with the appropriate authority, has negotiated and fixed the amount of the reward, or the formula for calculating the reward, no contract binds the United States and the complaint fails to state a claim upon which relief can be granted.[8]

### 2. *Krug* and *Cambridge*

In *Krug,* the Federal Circuit explained the steps required for the IRS to enter into a binding reward contract:

> Recasting the *Merrick* analysis may help make the point. In the more usual language of contract, it can be said that, in [IRS] Publication 733 and pursuant to

§ 7623 and the regulation, the Government *invites* offers for a reward; the informant *makes* an offer by his conduct [by describing the nature of his information, for example]; and the Government *accepts* the offer by agreeing to pay a specific sum.

168 F.3d at 1309. In that case, Mr. Krug relied solely on IRS Publication 733 as the foundation for an implied-in-fact contract that was allegedly created when he provided information to the IRS. *Id.* at 1308. Even though the government recovered millions of dollars in taxes upon receiving the information provided by Mr. Krug, the Federal Circuit noted that general rules for the calculation of rewards were not enough to establish a contract binding on the United States. *Id.* at 1308, 1310.

In *Cambridge,* Ms. Cambridge divulged information to the IRS and received reward payments that she believed amounted to less than what was required under IRS Publication 733. 558 F.3d at 1333. Along with each reward payment, she was informed in letters from the IRS that she might receive more reward payments. *Id.* Eventually, the IRS informed her that her reward amount was fully paid, and that she would get nothing more. *Id.* Ms. Cambridge filed suit in this court to receive the additional reward amount that she believed was owed to her. *Id.*

As the Federal Circuit explained, Ms. Cambridge failed to allege that the IRS had fixed an amount for her total reward that was greater than the reward amount that the IRS had already paid her:

> principle to reject reward claims where no contract was formed between the IRS and the plaintiff. *See, e.g., Katzberg v. United States,* 36 F.Supp. 1023, 1023 (Ct.Cl.1941) (dismissing reward claim where "[n]o definite or ascertainable sum was offered and, therefore, no contract arose from the offer of reward and the giving of information by the plaintiffs"); *Gordon,* 36 F.Supp. at 640 (dismissing reward claim because "no contract ha[d] arisen between the parties," where "there was no offer on the part of the Commissioner [of the IRS] to pay any definite sum, but only such sum as he might deem suitable").

6. Unfortunately for Mr. Merrick, this court subsequently held that his contract with the United States was correctly interpreted by the IRS to limit his reward. *Merrick v. United States,* 18 Cl.Ct. 718 (1989).

7. According to the relevant regulation, an IRS staff person who is neither a district director nor a service center director is not "authorized under this section to make any offer, or promise, or otherwise to bind a district or service center director with respect to the payment of any reward or the amount of the reward." 26 C.F.R. § 301.7623–1(c).

8. Indeed, cases from the Court of Claims, also binding on this court, have applied the same

In this case, as far as her claim for an additional reward was concerned, Ms. Cambridge plainly failed to allege facts plausibly showing the government had "negotiate[d] and fix[ed] a specific amount as the reward." Ms. Cambridge simply alleged that, based upon information she had provided, the IRS had recovered additional taxes from [the taxpayer]. That is not enough, however, because even if correct, the allegation does not suggest the IRS agreed to a fixed additional award. Rather, each time the IRS made a payment to Ms. Cambridge, it informed her only that there was "a possibility" that she might receive an additional award. Ms. Cambridge points to this language to support her contention she was entitled to additional money. However, this statement clearly does not fix a reward amount. Finally, as seen above, neither [of] the IRS' [letters] . . . support the existence of the required agreement on the part of the government.

*Cambridge,* 558 F.3d at 1335 (first and second alterations in original). Thus, like Mr. Krug, Ms. Cambridge did not allege that an IRS official negotiated and fixed a specific amount for her reward. The Federal Circuit concluded that *Merrick* foreclosed her claim, because there was no allegation that the parties had entered into a reward contract, and there had been "no agreement for a fixed amount." *Id.* at 1336 n. 2.

### 3. Cases Interpreting *Merrick*

It must be noted that as a result of the clear guidance and strict standard imposed by *Merrick,* reward claims based on § 7623 typically have not fared well in this court since *Merrick* was decided. In essence, the plaintiff seeking a reward must allege that an IRS official with sufficient authority negotiated and fixed a specific reward amount in exchange for the information offered by the plaintiff. This fact pattern is extremely rare. Typically, this court, following, as it must, the guidance provided by *Merrick,* has either dismissed the complaint or ruled for the government because some essential component of the offer-acceptance paradigm was missing. Without the formation of a contract binding the United States, these reward claims are doomed to fail.

Thus, the following reward claims were all rejected: *DaCosta,* 82 Fed.Cl. at 556–57 (dismissing reward claim, despite allegations that a special agent at the IRS, not a district director, had promised the plaintiffs a fifteen percent reward on taxes collected); *Conner,* 76 Fed.Cl. at 88 (dismissing reward claim because "no contractual claim against the IRS was created"); *Destefano,* 52 Fed.Cl. at 293–94 (noting that the "plaintiff ha[d] not pleaded that a contract exist[ed] between the Government and himself" and dismissing reward claim); *Doe,* 38 Fed.Cl. at 378 (dismissing claim because the "plaintiff ha[d] not established that such a contract [whereby the IRS fixed the amount of the reward] was negotiated and agreed to"); *Stack,* 25 Cl.Ct. at 638 (holding that a written contract with the plaintiff "did not confirm a precise award" because it allowed the IRS the discretion of setting a reward amount of " 'up to five percent,' " and dismissing claim); *Thomas,* 22 Cl.Ct. at 750 (dismissing claim because the IRS twice denied the plaintiff's reward application "in any amount," showing that there was no allegation that an agreement had been reached with the IRS). These decisions show that a plaintiff must allege the required elements of contract formation to proceed with his or her reward claim in this court. The court now turns to the facts alleged to support plaintiff's implied-in-fact reward contract with the United States.

### 4. No Specific Amount Promised, and No Authority of Promisor to Bind the United States

█ Mr. Amsinger's claim fails because the IRS is not alleged to have promised him a specific reward amount, and whatever promises he is alleged to have received were not made by a person authorized to bind the United States in a reward contract. In some respects, this case is analogous to *Thomas,* because the IRS rejected Mr. Thomas's reward applications. As the court noted in *Thomas,* the fact that the IRS denied the plaintiff's reward applications more than once showed that it "could not be clearer that no agreement of any kind was reached by the parties." *Thomas,* 22 Cl.Ct. at 750. In other respects, this case is similar to *DaCosta,* because the only alleged promise given to the

plaintiffs in that case came from an individual lacking the authority to bind the United States in a reward contract. As this court noted in *DaCosta*, "it is clear that [the] Special Agent ... did not have authority to bind the Government to a specific reward percentage ([26 C.F.R.] § 301.7623–1(a), (c)), and his alleged statements and report to the effect that an award of 15 percent would be appropriate were insufficient to create a contract implied in fact to pay a reward in that amount or in any other amount." 82 Fed.Cl. at 557.

According to Mr. Amsinger's complaint and response brief, his reward applications are alleged to have been rejected each time he submitted them to the IRS. Compl. ¶¶ 8, 15–17, 19, 22, 26–27, Exs. B, C, F, H, I; Pl.'s Resp. ¶¶ 2, 5–6, 10, Exs. J, N, O. Furthermore, each of plaintiff's factual allegations concerning any negotiations over a reward amount indicate that such negotiations were preliminary and never arrived at a fixed and specific reward formula, percentage or amount. In the complaint, for example, plaintiff alleges that Ms. Drury "explained the percentage amount that the IRS *would* determine, but later failed to [determine]." Compl. ¶ 8 (emphasis added). Plaintiff also alleges that his discussions with Ms. Drury and her subsequent conduct indicated that he would receive "a [reward] percentage amount greater than 0%." *Id.* Nonetheless, a specific reward percentage was never offered to plaintiff, according to the complaint. *See id.* at 7 (noting that "the Award (Reward) percentage amount [was] to be determined by the IRS" and criticizing the IRS's "negligen[ce]" for never having provided plaintiff with a percentage figure for the Award (Reward)"). According these allegations in the complaint all favorable inferences, Ms. Drury communicated with plaintiff that he should get a reward, but the reward percentage was never fixed.

In his response brief, Mr. Amsinger clarifies his allegations of fact relevant to contract formation. Plaintiff notes that "IRS officials ... fail[ed] to provide [a] contract and [re]ward percentage." Pl.'s Resp. ¶ 1. Plaintiff confirms that the actions of Ms. Drury's superiors "led to the failure of plaintiff's im-

plied contractual agreement to result in an actual [re]ward contract and/or percentage." *Id.* ¶ 9. Because the IRS never fixed a specific reward percentage or amount, no reward contract binds the United States in this case. *Merrick*, 846 F.2d at 726.

Mr. Amsinger also alleges that Ms. Drury's "special handling" of his IRS Form 211 contributed to the formation of an implied-in-fact contract. Compl. ¶ 8. In particular, plaintiff states that Ms. Drury instructed him to send the form to her, and that she forwarded his application to the next level for consideration. *Id.* Taken together, the inconclusive discussions failing to set a reward percentage and the special handling of Mr. Amsinger's reward application do not state a claim for breach of an implied-in-fact reward contract. No amount of special handling could substitute for a fixed, specific reward amount promised by the IRS, which is a contract element required by *Merrick, Krug* and *Cambridge.* Plaintiff has failed to state a claim based on an implied-in-fact reward contract with the United States.

Finally, the court notes that even if Ms. Drury had fixed a specific reward formula, percentage or amount that the IRS would pay in return for plaintiff's information, she did not have the authority to do so. Only a service center director or a district director of the IRS may enter into a binding contract with a reward claimant. *See* 26 C.F.R. § 301.7623–1(c). Although Mr. Amsinger insists that Ms. Drury had contracting authority, Pl.'s Resp. ¶ 9, none of the facts alleged by plaintiff plausibly imply that she could wield such authority.

For all of these reasons, the complaint must be dismissed for failure to state a claim upon which relief can be granted. The court assures plaintiff that his claim in this court fails not because he is proceeding *pro se;* indeed, his second amended complaint clearly and adequately articulates his claim. Rather, his claim fails because his communications with the IRS did not give rise to any contract upon which he can recover in this court. Assuming all of the facts alleged by plaintiff to be true, binding precedent in this circuit requires dismissal of his claim.

## CONCLUSION

For the foregoing reasons, plaintiff's complaint must be dismissed. The court has considered transfer of the claims over which this court lacks jurisdiction, but concludes that it is not in the interest of justice to do so.[9]

Accordingly, it is hereby **ORDERED** that:

(1) Defendant's Motion to Dismiss, filed February 25, 2011, is **GRANTED;**

(2) The Clerk's Office is directed to **ENTER** final judgment in favor of defendant **DISMISSING** the complaint, as follows:

    (a) Plaintiff's claims founded upon 26 U.S.C. § 7623, and his tort and implied-in-law contract claims, if any, are **dismissed without prejudice** for lack of jurisdiction;

    (b) Plaintiff's claims founded upon an implied-in-fact contract with the United States are **dismissed with prejudice** for failure to state a claim upon which relief can be granted;

(3) Each party shall bear its own costs.

---

**9.** Mr. Amsinger does not appear to be asserting either tort claims or an implied-in-law contract claim. As to his claim founded on § 7623(b), this court does not have authority to transfer claims to the United States Tax Court. *See Da-Costa*, 82 Fed.Cl. at 557 (citations omitted). As to his claim founded on § 7623(a), to the extent that this claim is distinct from his implied-in-fact reward contract claim, the court is unaware of any court to which this claim could be transferred.